UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARYN DAVIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GANNETT CO., INC., doing business as "USA TODAY, CO.," a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND<br><br>3. VIOLATION OF DMCA 17 U.S.C. § 1202<br><br>**Jury Trial Demanded** |

Plaintiff, Caryn Davis ("Davis" or "Plaintiff"), by and through her undersigned attorneys, hereby prays to this honorable court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 117 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

5. Davis is an individual currently residing in Connecticut.

6. Davis is informed and believes and thereon alleges that Defendant Gannett Co., Inc., doing business as "USA TODAY, Co." (collectively "USA Today"), is a Delaware corporation that does business in and with the District of New York with its principal place of business located at 1675 Broadway, 23rd Floor, New York, New York 10019.

7. Davis is informed and believes and thereon alleges that Defendants Does 1 through 10, inclusive (collectively with USA Today, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Davis, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Davis is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego,

and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Davis proximately caused thereby.

### CLAIMS RELATED TO DAVIS'S PHOTOGRAPHIC WORK

9. Davis is a renowned author and photographer whose images and articles have been featured in numerous prestigious publications such as the New York Times, Conde Nast Traveler, Travel + Leisure, and Connecticut Cottages & Gardens

10. Davis created and owns the original photograph depicted below ("Subject Photograph"):

**Subject Photograph**



11. Davis is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photograph.

12. The Subject Photograph is registered with the U.S. Copyright Office under Registration No. VAu 1-510-004.

13. Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Photograph for financial benefit by, without limitation, reproducing the Subject Photograph online for commercial benefit, including without limitation at website https://www.usatoday.com/, which is owned and operated by and through USA Today ("Infringing Use.") A true and correct screen capture of the Infringing Use is depicted below:

| **Infringing Use** |
|---|
| https://www.usatoday.com/picture-gallery/travel/destinations/2019/02/06/oldest-bar-in-every-state/39012181/  |

14. Upon information and belief, Davis alleges that Defendants, and each of them, had access to the Subject Photograph, including through Davis's numerous online profiles and features, online publications and press featuring Davis's work, Davis's social media accounts, and/or through viewing the Subject Photograph on third-party websites, including those of Davis's current and former clients.

15. Davis has not in any way authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Photograph.

16. Prior to the filing of this litigation, Davis contacted Defendant and demanded that they remove the infringing work at issue and requested that they resolve the dispute on a reasonable basis. Despite the foregoing, no reasonable resolution could be reached.

## **FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement – Against all Defendants, and Each)**

17. Davis repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

18. Davis alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph on Davis's website or social media profiles, and on other sites online including those of Davis's current or former clients. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Content.

19. Davis alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph online at least on the website(s) depicted above.

20. Davis alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyright by creating infringing derivative works from the Subject Photograph and publishing same to the public for commercial benefit.

21. Due to Defendants', and each of their, acts of infringement, Davis has suffered general and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Davis's rights in the Subject Photograph. As such, Davis is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Davis's rights in the Subject Photograph in an amount to be established at trial.

Davis alleges on information and belief that the aforementioned conduct was reckless and/or willful.

## SECOND CLAIM FOR RELIEF

### (For Vicarious and/or Contributory Copyright Infringement – Against Fraport)

23. Davis repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

24. Davis alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties for further publication.

25. Davis alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution and publication of said content.

26. Due to Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Davis has suffered general and special damages in an amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Davis's rights in the Subject Photograph. As such, Davis is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photograph, in an amount to be established at trial.

Davis alleges on information and belief that the aforementioned conduct was reckless and/or willful.

### THIRD CLAIM FOR RELIEF

**(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)**

28. Davis repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

29. The Subject Photograph was routinely published with attribution, credit, and other copyright management information identifying Davis as the author.

30. Plaintiff alleges on information and belief that Defendants, and each of them, removed Davis's copyright management information, as described above, from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, before distributing and publishing same to the public, including information identifying third parties not owning or authoring the Subject Photograph, or USA Today itself.

31. Upon information and belief, Davis alleges that Defendants, and each of them, distributed and published the Subject Photograph on website(s), including but not limited those sites reflected above hereto bearing its own name, and removing Davis's attribution information, including without limitation her name and/or metadata.

32. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and said information on and in the Infringing Content is false.

33. When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Davis has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

### PRAYER FOR RELIEF

Wherefore, Davis prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

1. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Davis's copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any print, website, or other publication owned, operated, or controlled by any Defendant.

2. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. §1203, and other applicable law;

3. That a constructive trust be entered over any revenues or proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's rights;

4. That Plaintiff recover her attorneys' fees as available under the Copyright Act U.S.C. §1203;

5. That Plaintiff be awarded her costs and fees under the statutes set forth above;

6. That Plaintiff be awarded statutory damages and/or penalties as set forth above;

7. That Plaintiff be awarded pre-judgment interest as allowed by law;

8. That Plaintiff be awarded the costs of this action; and

9. That Plaintiff receive such legal and equitable relief as the Court deems proper.

### JURY DEMAND

Davis demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully Submitted,

COMPLAINT

Dated: September 16, 2024
New York, New York

By:     */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com
*Attorney for Plaintiff*